1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                         ----oo0oo----

11   STATE OF CALIFORNIA,
     DEPARTMENT OF TRANSPORTATION,
12                                    NO. CIV. S-08-0485 WBS GGH
            Plaintiff,
13
       v.                             ORDER RE: PLAINTIFF'S MOTION
14                                    TO REMAND AND DEFENDANT'S
                                      MOTION TO CHANGE VENUE
15
     AMERICAN SAFETY CASUALTY
16   INSURANCE COMPANY, an Oklahoma
     Corporation, AGE GENERAL
17   CONSTRUCTION, a dissolved
     entity, and DOES 1 through 20,
18   inclusive,

19          Defendants.

20                         ----oo0oo----

21          Plaintiff State of California, Department of

22   Transportation ("Caltrans") filed this action in state court

23   alleging breach of contract claims against defendants American

24   Safety Casualty Insurance Company ("American Safety") and AGE

25   General Construction ("AGE").  The claim arises from a 1998

26   contract between Caltrans and AGE to install fiber optic cables

27   on various freeways throughout Southern California.  (American

28   Safety's Mem. in Opp'n to Mot. to Remand 2:5-6.)  On December 12,

                              1

2007, Caltrans filed a form complaint alleging that AGE and American Safety--a surety that issued performance and payment bonds in favor of AGE--breached the aforementioned contract.[1] (Id. at 2:7-8; American Safety's Notice of Removal Ex. A.)

On March 3, 2008, pursuant to 28 U.S.C. § 1441(b), American Safety removed the matter to this court based on diversity jurisdiction, 28 U.S.C. § 1332. (American Safety's Notice of Removal ¶ 3.)  Caltrans now moves to remand the matter to state court based on its contention that American Safety's removal was defective because no diversity of citizenship exists between the parties.  In a separate motion, American Safety moves for a change of venue to the Central District of California pursuant to 28 U.S.C. § 1404.

Removal of a case filed in state court is appropriate if "the district courts of the United States have original jurisdiction . . . ."  28 U.S.C. § 1441(a).  A district court will have original jurisdiction based on diversity when the amount in controversy is greater than $75,000 and there is complete diversity between the parties--i.e., the parties are "citizens of different states."  Id. § 1332(a)(1) (emphasis added).

When a plaintiff moves to remand a case, the defendant bears the burden of establishing that removal was proper.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  Any questions

---

[1]     Because the only materials listed in the federal docket include the removal motion, its exhibits, and the instant motion's papers--none of which provide an account of the facts substantiating the alleged breach--the facts in this Order are limited to those presently before the court.

regarding the propriety of removal are resolved in favor of the party moving for remand.  <u>Matheson v. Progressive Speciality Ins. Co.</u>, 319 F.3d 1089, 1090 (9th Cir. 2003).  If removal was improper, "the district court lack[s] subject matter jurisdiction, and the action should [be] remanded to the state court."  <u>Toumajian v. Frailey</u>, 135 F.3d 648, 653 (9th Cir. 1998) (citing 28 U.S.C. § 1447(c)).

In seeking a remand, Caltrans asserts that removal was improper because, as an integrated California state agency, it is not a "citizen" of California but rather an instrumentality of California itself.  It is well settled that "a State is not a 'citizen' for purposes of diversity jurisdiction."  <u>Moor v. County of Alameda</u>, 411 U.S. 693, 717 (1973); <u>see also</u> <u>Broadwater-Mo. Water Users' Ass'n v. Mont. Power Co.</u>, 139 F.2d 998, 999 (9th Cir. 1944) ("A state is not a citizen and, absent a federal question, the district courts are not possessed of jurisdiction of suits by or against a state.").  Similarly, a state agency or political subdivision is not a "citizen" for purposes of diversity jurisdiction if it functions as "an arm or alter ego of the state."  <u>State Highway Comm'n of Wyo. v. Utah Const. Co.</u>, 278 U.S. 194, 199 (1929).

American Safety urges the court to find that Caltrans enjoys a significant degree of autonomy from the state of California that in turn designates it as the real party in interest and a "citizen" subject to diversity jurisdiction.  <u>See Fowler v. Cal. Toll-Bridge Auth.</u>, 128 F.2d 549, 550 (9th Cir. 1942) (explaining that if an agency is a "is a separate entity" from the state, it is "suable as such in the Federal courts").

3

To determine whether an agency is sufficiently independent to
constitute a "citizen" in its own right, courts look to
attributes or characteristics of the agency that tend to
associate it with, or disassociate it from, the sovereign.
Mitchell v. L.A. Cmty. Coll. Dist., 861 F.2d 198, 201 (9th Cir.
1988).  In Jackson v. Hayakawa, 682 F.2d 1344 (9th Cir. 1982),
the Ninth Circuit implemented a five-factor balancing test to
determine whether an agency is "an arm or alter ego of the
state."  Id. at 1350; see also Belanger v. Madera Unified Sch.
Dist., 963 F.2d 248, 250-51 (9th Cir. 1992); Mitchell, 861 F.2d
at 201.  The five factors are

> (1) whether a money judgment would be satisfied out of
> state funds, (2) whether the entity performs central
> governmental functions, (3) whether the entity may sue or
> be sued, (4) whether the entity has the power to take
> property in its own name or only the name of the state,
> and (5) the corporate status of the entity.

Belanger, 963 F.2d at 250-51 (citing Jackson, 682 F.2d at
1349-50).  In this consideration, the first factor regarding
liability for money judgments is the most crucial.  Jackson, 682
F.2d at 1350.

Under the fourth factor, Caltrans represents that it
has the power to take property in its own name.  See Cal. Sts. &
High. Code § 104 ("The department may acquire, either in fee or
in any lesser estate or interest, any real property which it
considers necessary for state highway purposes.").  This factor,
therefore, weighs in favor of designating Caltrans a "citizen"
for purposes of diversity jurisdiction.

The remaining four factors, however, support the
determination that Caltrans is in fact "an arm or alter ego of

4

the state." <u>Jackson</u>, 682 F.2d at 1350.  For example, under the
first and most crucial factor regarding the satisfaction of money
judgments, Caltrans' budget--a proposal of which must be
submitted to the Governor of California--includes funds from the
State Highway Account.  Cal. Sts. & High. Code § 165.  Caltrans
would thus be forced to reach into this state-supported resource
to pay any hypothetical money judgments.  <u>See</u> <u>Belanger</u>, 963 F.2d
at 251 (finding that, because a school district's local revenue
and state funding were "commingled in a single fund," the school
district was "an arm of the state" because "a judgment against
the school district would be satisfied out of state funds").

It is also undisputed that Caltrans performs central
government functions as referenced in the second factor.
Specifically, the California Legislature, in establishing
Caltrans, delineated their purpose as to facilitate the State of
California's role to

(a) Encourage and stimulate the development of urban mass
transportation and interregional high-speed
transportation where found appropriate as a means of
carrying out the policy of providing balanced
transportation in the state.

(b) Implement and maintain a state highway system which
supports the goals and priorities determined through the
transportation planning process, which is in conformity
with comprehensive statewide and regional transportation
plans, and which is compatible with statewide and
regional socioeconomic and environmental goals,
priorities and available resources.

(c) Assist in the development of an air transportation
system that is consistent with the needs and desires of
the public, and in which airports are compatible in
location with, and provide services meeting, statewide
and regional goals and objectives.

(d) Develop a rail passenger network consistent with the
needs and desires of the public, and in which the
location of rail corridors and their service

1   characteristics are compatible with statewide and
2   regional goals and objectives, except that nothing in
    this section shall be construed to discourage the
3   development of passenger rail service by privately owned
    carriers.

4   (e) Encourage research and development of technological
    innovation in all modes of transportation in cooperation
5   with public agencies and the private sector.

6   Cal. Gov't Code § 1400.5.  It is also clear under fifth factor

7   that Caltrans is not a corporation; rather, it is a department of

8   the State of California, created by California statute.  Id. §

9   14001.

10          With respect to third factor, the method in which a

11  lawsuit must be brought against Caltrans is far more indicative

12  of its sovereign status than the mere fact that it can sue or be

13  sued.  Without exception, caselaw has repeatedly determined that

14  Caltrans qualifies as "an arm of the state entitled to Eleventh

15  Amendment immunity" and thus can only be sued if the government

16  validly abrogates this immunity.  The Forty-Niner Lease v. Dep't

17  of Transp., No. 07-0406, 2007 WL 1411631, at *3 (E.D. Cal. May

18  11, 2007); see also Natural Res. Def. Council v. Cal. Dep't of

19  Transp., 96 F.3d 420, 421 (9th Cir. 1996) (upholding "[t]he

20  district court dismiss[al of] all claims against Caltrans

21  because, as an arm of the state, Caltrans is immune from suit

22  under the Eleventh Amendment"); Californians for Disability

23  Rights, Inc. v. Cal. Dep't of Transp., No. 06-5125, 2008 WL

24  697065, at *4 (N.D. Cal. Mar. 13, 2008) ("Caltrans enjoys 11th

25  Amendment protection unless a statute unequivocally abrogates

26  such immunity."); Kincaid v. City of Fresno, No. 06-1445, 2007 WL

27  833058, at *3 (E.D. Cal. Mar. 19, 2007) ("Caltrans is an arm of

28  the State of California entitled to [Eleventh Amendment]

immunity.”); <u>Safeco Ins. Co. of Am. v. Guyton</u>, 443 F. Supp. 10, 13 (C.D. Cal. 1977) (holding that because “the State has not waived its Eleventh Amendment immunity[,]” “this court lacks jurisdiction to hear these actions against Caltrans”).

Moreover, when the agency at issue has previously been granted Eleventh Amendment immunity, courts in this circuit rely on this immunity determination to conclude that the agency also operates as “an arm or alter ego of the state” for the purpose of diversity jurisdiction. <u>See</u> <u>Ronwin v. Shapiro</u>, 657 F.2d 1071, 1073 (9th Cir. 1981) (recognizing that “a similar rule [as the Eleventh Amendment analysis] controls the determination of diversity jurisdiction when individual state officers or agencies are named in lieu of the state”); <u>Befitel v. Global Horizons, Inc.</u>, 461 F. Supp. 2d 1218, 1225 (D. Haw. 2006) (holding that Hawaii’s Department of Labor and Industrial Relations “is not a citizen of the State of Hawaii for the purposes of establishing diversity jurisdiction” where “previous Ninth Circuit and District of Hawaii cases have considered the Department to be a state agency for the purposes of Eleventh Amendment immunity”). The weight of authority from other circuits also substantiates this reasoning. <u>See</u> <u>Md. Stadium Auth. v. Ellerbe Becket Inc.</u>, 407 F.3d 255, 260-61 (4th Cir. 2005) (adopting the same Eleventh Amendment immunity analysis for diversity jurisdiction analysis); <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 412 (11th Cir. 1999) (holding that although the “question of diversity jurisdiction is distinct from that of immunity,” the analysis of citizenship determinations for Eleventh Amendment immunity and diversity jurisdiction are the same); <u>Tradigrain, Inc. v. Miss.</u>

7

1  State Port Auth., 701 F.2d 1131, 1132 (5th Cir. 1983) (concluding

2  that the Eleventh Amendment immunity and diversity jurisdiction

3  analyses are "virtually identical"); Univ. of R.I. v. A.W.

4  Chesterton Co., 2 F.3d 1200, 1202-03 n.4 (1st Cir. 1993)

5  (rejecting proposed distinctions between the Eleventh Amendment

6  and diversity considerations).

7       Because four of the five aforementioned factors as well

8  as Caltrans standing as a state agency for purposes of Eleventh

9  Amendment immunity support the conclusion that Caltrans operates

10  as an arm or alter ego of the State of California, American

11  Safety's has not carried its burden to establish that removal

12  based on diversity of citizenship was proper.  See Quinones v.

13  Target Stores, No. 05-03570, 2005 WL 3157515, at *2 (N.D. Cal.

14  Nov. 23, 2005) (holding that when a case is removed based on

15  diversity jurisdiction, "[d]oubts of removability" should be

16  "resolved in favor of remanding the case to state court").

17  Accordingly, this court lacks diversity jurisdiction and must

18  remand the case to state court.[2]

19       IT IS THEREFORE ORDERED that Caltrans's motion to

20  remand be, and the same hereby is, GRANTED, the motion to change

21

22       [2]  Because the court must remand the case due to its lack
of subject matter jurisdiction, it must also deny American
23  Safety's motion for a change of venue pursuant to 28 U.S.C. §
1404.  See 28 U.S.C. § 1404(a) ("For the convenience of parties
24  and witnesses, in the interest of justice, a district court may
transfer any civil action to any other district or division where
25  it might have been brought.") (emphasis added); see also E. & J.
Gallo Winery v. F. & P. S.p.A., 899 F. Supp. 465, 467 (E.D. Cal.
26  1994) ("[Section 1404 requires that] the transferee court would
have had subject matter jurisdiction at the time the action was
27  filed; defendants would have been subject to personal
jurisdiction; and venue would have been proper.") (emphasis
28  added).

venue is DENIED, and this matter is hereby REMANDED to the Superior Court of the State of California in and for the County of Sacramento.

DATED:  May 13, 2008

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

9